UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WADE REEVES,

   Petitioner,

v.

CASE NO. 2:19-CV-13484
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

MICHELLE FLOYD,

   Respondent,
_____/

### OPINION AND ORDER (1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Robert Wade Reeves ("Petitioner"), incarcerated at the Parnall Correctional Facility in Jackson, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b. For the reasons that follow, the petition for writ of habeas corpus is DENIED WITH PREJUDICE.

**I.  BACKGROUND**

Petitioner pleaded guilty to one count of first-degree criminal sexual conduct in the Wayne County Circuit Court. (ECF No. 12-11, 9/7/18 Tr. Plea Hr'g, at PageID. 483-84). In exchange for his plea, the prosecutor dismissed a second first-degree criminal sexual conduct charge as well as the supplemental information

1

charging petitioner with being a third felony habitual offender. (*Id.*)  The prosecutor agreed that petitioner would be sentenced to nine to twenty years in prison.  (*Id.*)  The parties agreed that if petitioner had gone to trial and been convicted, his minimum sentence would have been at least eleven years more than the nine year minimum sentence that he would receive as part of the plea agreement, in that his sentencing guidelines were twenty to forty years.  (*Id.*)  The parties agreed that petitioner's sentence of nine to twenty years would be served concurrently with a sentence that petitioner was serving on another case.[1]  (*Id.*)  Petitioner indicated on the record that he had heard the offer that the trial court placed on the record and that he had an opportunity to discuss the offer with his defense attorney.  (*Id.* at PageID. 485.)  Petitioner stated that he still wished to plead guilty.  (*Id.*)  Petitioner acknowledged that as a result of his guilty plea, he would be giving up his right to a jury trial, as well as all of the rights associated with a trial.  (*Id.* at PageID. 486-89.)  Petitioner agreed that his guilty plea was not

---

[1] Petitioner was separately convicted in 1999 at a bench trial of three counts of first-degree criminal sexual conduct, one count of assault with intent to commit criminal sexual conduct involving penetration, two counts of armed robbery, and one count of possession of a firearm during the commission of a felony.  Petitioner was sentenced to twenty to thirty years plus two years for the firearm charge. Petitioner was denied habeas relief in this case, on the ground that the petition was filed outside of the one year statute of limitations for filing habeas petitions. *Reeves v. Barrett*, No. 14-CV-14852, 2018 WL 4566626 (E.D. Mich. Sept. 24, 2018), *appeal dism.* No. 18-2240, 2019 WL 5571403 (6th Cir. Mar. 4, 2019).

the result of promises or threats that were not disclosed to the trial court on the record and admitted that the plea was his own free choice. (*Id.*)

At petitioner's sentencing, the judge asked petitioner if he wished to make some remarks. (ECF No. 12-12, 9/21/18 Plea Hr'g, at PageID. 499.) Petitioner made a lengthy statement to the judge, apologizing to the victim, her family, the community, the police, the prosecutor, and the lawyers. Petitioner indicated that he had gotten an education during the twenty years he was in prison. Petitioner also said he had learned to empathize with other persons, i.e. to put himself in other people's shoes, and asked for forgiveness from the victim and the court. Petitioner stated he voluntarily placed himself in a residential treatment program governed by the Michigan State Sex Offender program at the facility where he was incarcerated. Petitioner had been in the second chance initiative program and received several awards. Petitioner told the judge he was not the person that he was in 1998 when he committed this offense. (*Id.* at PageID. 499-503.) The judge in imposing sentence acknowledged that petitioner had "taken great efforts to rehabilitate yourself and to change so that when you get out you're not that person back in the late '90s." (*Id.* at PageID. 504.) The judge also believed that the prosecutor offered petitioner a favorable plea bargain "because they also recognize that you have taken great strides to rehabilitate yourself" and the judge indicated that she believed, based on petitioner's conduct in prison for the last twenty years,

3

"that it appears you have been reformed, and hope that that is the case, sir." (*Id.*) The judge followed the plea and sentencing agreement and sentenced petitioner to nine to twenty years in prison. (*Id.*)

Petitioner filed a motion to withdraw his guilty plea before the trial judge. (ECF No. 13, PageID. 516-24.) The parties agree that the judge never ruled on that motion.

Petitioner's conviction was affirmed on appeal. *People v. Reeves*, No. 347200 (Mich. Ct. App. Apr. 5, 2019); *lv. den.* 504 Mich. 948, 931 N.W.2d 317 (Mich. 2019).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court erred in failing to allow Reeves to effectively allocute.

II. Trial counsel was ineffective for failing to file a motion to withdraw Reeves's guilty plea.

III. Trial counsel was ineffective for failing to make sure that the trial court followed the plea agreement.

(ECF No. 1, Petition, PageID. 4-10.)

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for habeas cases:

4

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The Michigan Court of Appeals denied petitioner's application for leave to appeal on petitioner's direct appeal in a form order "for lack of merit in the grounds presented." *People v. Reeves*, No. 347200 (Mich. Ct. App. Apr. 5, 2019). The Michigan Supreme Court subsequently denied the petitioner leave to appeal in a standard form order without any extended discussion. *People v. Reeves*, No. 159445, 504 Mich. 948, 931 N.W.2d 317 (Mich. July 29, 2019). Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington*, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id*. at 99-100.

The AEDPA deferential standard of review applies where the Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds

6

presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. *See Werth v. Bell*, 692 F.3d 486, 492-94 (6th Cir. 2012).

## III. DISCUSSION

### A. Claim # 1. The right to allocution claim

Petitioner first argues he was denied the right to allocution at sentencing. (ECF No. 1, Petition, PageID. 4-6.)

There is no constitutional right to allocution under the United States Constitution. *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) (*citing to Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also United States v. Richardson*, 948 F.3d 733, 744 (6th Cir. 2020) (there is no constitutional right to allocution at sentencing). Therefore, a trial court's failure to afford a defendant the right to allocution raises neither a jurisdictional nor a constitutional error cognizable on habeas review. *Scrivner v. Tansy*, 68 F.3d 1234, 1240 (10th Cir. 1995); *see also Cooey v. Coyle,* 289 F.3d 882, 912 (6th Cir. 2002) (declining to issue certificate of appealability on denial of allocution claim).

In addition, Petitioner is not entitled to habeas relief because he was not denied his right to allocution. A denial of the right of allocution "generally occurs when a defendant is not, personally and unambiguously, invited to address the court before sentencing … or when a court refuses to listen to the defendant's

statement." *United States v. Carter*, 355 F.3d 920, 926 (6th Cir. 2004) (internal citations omitted). Allocution is the right to present a defendant's plea in *mitigation*, and is not unlimited. *Id.* (internal citation omitted). Petitioner was permitted by the judge to make a statement on his behalf at sentencing. He made a lengthy statement on the record expressing remorse. Petitioner informed the judge of all his rehabilitative efforts while incarcerated. The judge acknowledged petitioner's contrition and his efforts to reform himself when she imposed sentence in this case. (ECF No. 12-12, 9/21/18 Plea Hr'g, at PageID. 499-504.) Petitioner therefore was not denied his right to allocution because he "was personally invited to address the court and then engaged in a substantive colloquy with the trial judge bearing upon his sentence." *United States v. Carter*, 355 F.3d at 927.

Accordingly, Petitioner is not entitled to relief on his first claim.

**B.  Claims # 2 and # 3.  The ineffective assistance of counsel claims**

Petitioner in his second and third claims alleges the denial of the effective assistance of trial counsel. (ECF No. 1, Petition, PageID. 6-10.)

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, clearly established federal law. *Strickland v. Washington*, 466 U.S. 668 (1984); *see Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). *Strickland* established a two-prong test for claims of ineffective assistance

of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner in his second claim alleges that trial counsel was ineffective for failing to move to withdraw his guilty plea on two grounds: 1) that the plea was involuntary, because the judge did not advise petitioner of certain collateral consequences of pleading guilty, and 2) that the judge did not follow the plea and sentencing agreement. In his related third claim, petitioner argues that trial counsel was ineffective for failing to seek enforcement of the plea and sentencing agreement. (ECF No. 1, Petition, PageID. 6-10.)

Petitioner has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett,* 526 F. App'x 515, 521 (6th Cir. 2013). Unless a petitioner's guilty plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's guilty plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004) (*both citing Boykin v. Alabama,* 395 U.S. 238, 242 (1969)). In order for a plea of guilty to be voluntarily and intelligently

9

made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, the prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

Petitioner's plea of guilty was voluntary. Petitioner was advised of the maximum penalty for first-degree criminal sexual conduct. The terms of the plea and sentencing agreement were placed on the record. Petitioner acknowledged that these were the complete terms of the agreement. He was advised of the rights to a trial that he would relinquish by pleading guilty. Petitioner acknowledged that he was waiving these rights by pleading guilty. Petitioner denied that any threats or promises that had not already been disclosed on the record had been made to induce his plea. (ECF No. 12-11, 9/7/18 Tr. Plea Hr'g, at PageID. 483-89.)

Petitioner argues that his plea was involuntary because he was not advised of the collateral consequences of pleading guilty. He claims that he was led to believe by counsel that his current sentence would run concurrently with his other first-degree criminal conduct sentence and that he would also receive credit on his current sentence for the time that he had been incarcerated on his other criminal case dating back to 2014-2015. Petitioner claims that when he arrived in prison on his new sentence, he was informed that he was being transferred to a higher security level due to his increase in prison time based on the fact that he did not receive disciplinary or good-time credits on his new sentence for the time spent in prison on his earlier conviction. Petitioner also claims that as a result of his plea, all of the prison rehabilitative programs he had participated in, including college classes, have been cancelled. (ECF No. 1, Petition, PageID. 18-19.)

A defendant need only be made aware of the direct consequences of a guilty plea for the plea to be made voluntarily and intelligently; a trial court is under no obligation to inform a defendant of all possible collateral consequences of a plea. *King v. Dutton,* 17 F. 3d at 153. To the extent that petitioner's new sentence effects his parole eligibility, the judge's failure to advise petitioner that his parole eligibility date might be extended as a result of his plea did not render it involuntary. *See id.*

The United States Supreme Court has "never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The Sixth Circuit has repeatedly held that parole eligibility is not a direct consequence of a plea of which a defendant must be advised. *See Franks v. Lindamood,* 401 F. App'x 1, 6 (6th Cir. 2010); *King v. Dutton,* 17 F.3d at 154; *Brown v. Perini*, 718 F.2d 784, 788 (6th Cir. 1983). Any misunderstandings that petitioner might have had about when he would be paroled would not render his plea involuntary. *See McAdoo v. Elo,* 365 F.3d 487, 495 (6th Cir. 2004).

Further, the judge's failure to advise petitioner that he might become ineligible for various prison programs that could possibly shorten his sentence was a failure to inform petitioner of a collateral consequence of his plea that would not

12

render his plea involuntary. *See Houston v. Lack*, 625 F. Supp. 786, 793 (W.D. Tenn. 1986), *case dismissed*, 819 F.2d 289 (6th Cir. 1987), *rev'd*, 487 U.S. 266 (1988), and *aff'd*, 875 F.2d 864 (6th Cir. 1989).

Finally, the effect of a defendant's guilty plea on good time credits is also a collateral consequence of a guilty plea that petitioner would not have to be advised of by the judge when accepting petitioner's plea. *Johnson v. Puckett*, 930 F.2d 445, 448, n. 2 (5th Cir. 1991) (*citing Johnson v. Dees*, 581 F.2d 1166, 1167 (5th Cir. 1978)). Accordingly, Petitioner failed to show his plea was involuntary.

Petitioner also claims that trial counsel was ineffective for failing to move to withdraw the plea, arguing that the plea and sentencing agreement was breached when he was not given sentencing credit against his current sentence for the time spent in prison on his first conviction. In the alternative, petitioner argues that trial counsel was ineffective for failing to move for enforcement of this agreement. (ECF No. 1, Petition, PageID. 20-21.)

"An unfulfilled state promise obtained in return for a guilty plea will entitle a habeas petitioner to habeas relief." *Myers v. Straub,* 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001) (citation omitted). Moreover, any promises made by a judge in the course of a guilty plea colloquy operate as a promise made by the state in exchange for a defendant's waiver of rights and guilty plea. *See Spencer v. Superintendent, Great Meadow Corr. Fac.,* 219 F.3d 162, 168 (2d Cir. 2000).

13

However, a federal court sitting in habeas review should not "lightly find misrepresentation in a plea agreement." *Myers,* 159 F. Supp. 2d at 627.

Absent extraordinary circumstances, or some other explanation as to why a defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, where the trial court scrupulously follows the required procedure for taking the defendant's plea. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). A plea bargain is contractual in nature, thus, it would violate established contract-law standards to permit a defendant to attempt to prove that a plea agreement is otherwise than it unambiguously appears on a thorough record. *Id.* Plea agreements are to be strictly construed. *See United States v. Brummett,* 786 F.2d 720, 723 (6th Cir. 1986). A term of a plea agreement "that is unambiguous on its face and agreed to by the defendant in open court will be enforced." *McAdoo v. Elo,* 365 F.3d at 497. Moreover, "[T]he United States Constitution does not require judges to explain the meaning of ... unambiguous terms during the plea colloquy in order to combat alleged misinformation that is not revealed on the record." *Id.*

In the present case, the prosecutor placed the terms of the plea and sentencing agreement on the record. The prosecutor agreed to dismiss a second first-degree criminal sexual conduct charge and the habitual offender charge against petitioner. The prosecutor agreed that petitioner would be sentenced below

14

the guidelines sentence to nine to twenty years in prison and agreed that the sentence would run concurrently with petitioner's first sentence. Petitioner indicated on the record that this was the entire plea agreement and that no other promises had been made to induce his plea. Petitioner was, in fact, sentenced to nine to twenty years and the judge directed that the sentence be served concurrently with petitioner's first conviction. (ECF No. 12-11, 9/7/18 Tr. Plea Hr'g, at PageID. 483-89.) A "clear reading" of the plea agreement shows that there was no promise by the prosecutor or the trial judge that petitioner would receive credit against his current sentence for time spent in prison on his first conviction. Petitioner has therefore failed to show that the original terms of the plea agreement were breached by the prosecutor or the trial judge. *Myers,* 159 F. Supp. 2d at 628. The terms of the plea and sentencing agreement also contained no agreement that petitioner would receive sentencing credits for the time spent in custody on his first conviction. Petitioner is unable to show that the trial court breached the sentencing agreement or that petitioner had any reasonable belief that he would receive these credits. *See Wright v. Lafler,* 247 F. App'x 701, 705-07 (6th Cir. 2007).

     To the extent that petitioner claims that his trial counsel misled him into believing that he would receive this sentencing credit, the state court's proper plea colloquy cured any misunderstandings that petitioner may have had about the

consequences of the plea. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). As mentioned above, the terms of the plea and sentencing agreement were placed on the record. The parties acknowledged on the record that there had been no additional promises, other than the terms mentioned in the plea and sentence agreement, to get petitioner to plead guilty. (ECF No. 12-11, 9/7/18 Tr. Plea Hr'g at PageID. 488-89.) Petitioner was not denied the effective assistance of counsel due to his counsel's alleged promise that he would receive credit against his sentence for the time spent in custody on his earlier conviction, where the plea and sentencing agreement contained no such promise and petitioner stated at the plea hearing that he understood the terms of the sentencing agreement that he had entered into with the trial court and the consequences of his plea. *See Sellers v. United States,* 316 F. Supp. 2d 516, 521 (E.D. Mich. 2004); *see also Bridinger v. Berghuis,* 429 F. Supp. 2d 903, 910-11 (E.D. Mich. 2006).

Petitioner failed to show that his plea was involuntary or that there had been a breach of the plea agreement. Counsel was not ineffective in failing to move for the withdrawal of petitioner's guilty plea, being that there was no basis to do so. *See United States v. Martin,* 45 F. App'x 378, 381-82 (6th Cir. 2002). Moreover, because neither the judge nor the prosecutor breached the plea or sentencing agreement, counsel would have no reason to object and was thus not ineffective for

failing to do so. *See Wright v. United States*, 320 F. App'x 421, 424 & n. 1 (6th Cir. 2009). Petitioner is not entitled to relief on his second and third claims.

The Court therefore denies the petition for writ of habeas corpus.

The Court also denies petitioner a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, petitioner is denied a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d

871, 885 (E.D. Mich. 2002). Petitioner is further denied leave to appeal *in forma pauperis,* because the appeal would be frivolous. See Fed. R. App. P. 24(a).

## IV.     CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

DATED: August 6, 2020