UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WADE REEVES,

    Petitioner,

v.

CASE NO. 2:19-CV-13484
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

MICHELLE FLOYD,

    Respondent,
_____/

## OPINION AND ORDER (1) DENYING THE MOTION FOR RECONSIDERATION (ECF NO. 17), (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Robert Wade Reeves, ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b. The Court denied the petition with prejudice, declined to issue a certificate of appealability, and denied petitioner leave to appeal *in forma pauperis*. *Reeves v. Floyd*, No. 2:19-CV-13484, 2020 WL 4530444 (E.D. Mich. Aug. 6, 2020).

Petitioner has filed an "Objection" to the respondent failing to send the complete state court record. (ECF No. 17.) The "Objection" is construed as a motion for reconsideration, which is DENIED.

1

E.D. Mich. Local Rule 7.1 (h) allows a party to file a motion for reconsideration. In order for a court to grant a motion for reconsideration, the movant must show: (1) a palpable defect; (2) that misled the court and the parties; and, (3) that correcting the defect will result in a different disposition of the case. *Sigma Fin. Corp. v. American Int'l Specialty Lines Ins. Co.,* 200 F. Supp. 2d 710, 715 (E.D. Mich. 2002). A "palpable defect" is a defect which is considered "obvious, clear, unmistakable, manifest, or plain." *Id.* As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.*

Petitioner objects to respondent's failure to provide a copy of the motion to withdraw the guilty plea that petitioner filed on his behalf after sentencing or to provide an accurate and complete docket sheet from the Wayne County Circuit Court showing that such a motion had been filed. (ECF No. 17, PgID 594-95.)

The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. Petitioner is correct that respondent failed to provide a copy of the motion to withdraw the

guilty plea with the Rule 5 materials. (See ECF No. 12.) Petitioner, however, submitted a copy of the motion to withdraw the guilty plea with supplemental materials that he filed with this Court. (ECF No. 13.) This Court, in the opinion and order denying the habeas petition, noted that petitioner filed a motion to withdraw his guilty plea before the trial judge and cited to the motion that petitioner had provided with his supplemental materials. *Reeves v. Floyd*, 2020 WL 4530444, at *2 (*citing to* ECF No. 13, PageID. 516-24). This Court also indicated that petitioner and respondent both agreed that the judge never ruled on that motion. *Id.* Petitioner, within his supplemental materials, also provided a copy of the Wayne County Circuit Court docket sheet which contained the entries reflecting that this motion was filed. (ECF No. 13, PageID. 508-14.) The motion to withdraw the plea and the docket entries were reviewed by the Court prior to denying habeas relief.

Because petitioner attached these Rule 5 materials to his supplemental materials, it was unnecessary for this Court to compel respondent to provide these Rule 5 materials. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 717-18 (E.D. Mich. 2004).

To the extent that petitioner is arguing he is entitled to relief because the trial judge never ruled on his motion to withdraw his plea, this would not be a basis to grant habeas relief. The failure by a trial court to adjudicate a motion to withdraw

3

a guilty plea is not reversible error, even on direct review of a federal conviction, when the defendant failed to show that there was a meritorious reason for the trial court to withdraw his plea. *See United States v. Hallahan*, 756 F.3d 962, 971 (7th Cir. 2014). This Court addressed at great length the reasons proffered by petitioner to withdraw his plea and found them devoid of merit. *Reeves v. Floyd*, 2020 WL 4530444, at *3-6. The trial judge's failure to explicitly rule on a meritless motion to withdraw a guilty plea would not entitle petitioner to habeas relief. *See Hallahan*, 756 F.3d at 971 ("We have consistently declined to remand cases for further proceedings when the outcome of such proceedings is clear and remand would be futile.").

Petitioner's motion for reconsideration will be denied, because he is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied the petition and declined to issue a certificate of appealability or leave to appeal *in forma pauperis*. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.,* 280 F. App'x 480, 486 (6th Cir. 2008). This Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motion for reconsideration to be debatable. Petitioner is denied leave to appeal *in forma*

*pauperis,* because the appeal would be frivolous. See Fed. R. App. P. 24(a).

Accordingly, the Court **DENIES** petitioner's construed Motion for Reconsideration. (ECF No. 17). The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

DATED: August 18, 2020